UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LIDIA SUAREZ, MARIA BALICE, SABINA A.      Docket No.: 11 CIV 5099 (BSJ)
GRITTA, CLARIBEL A. DIAZ, FERNANDO
LIZZI, SILVANA MANTOUANO, and ANAHI M.     **ANSWER**
RUBIN, on their own behalf and on behalf of a
class similarly situated,

                                          Plaintiff,

    -against-

METROPOLITAN CENTER FOR MENTAL
HEALTH, ANDREW PARDO, GENE YELLIN,
DAVID BELGARY, RUBY BENJAMIN,
JOSEPHINE DIAZ, TERESA GOUDIE, YVETTE
JANSSEN, HOWARD KATZ, BETH RABINO,
and JUSTIN STERN,

                                          Defendants.
------------------------------------------------------------------x

       Defendants, by their attorneys, L'Abbate, Balkan, Colavita & Contini, LLP, as and for their answer to the complaint herein, respectfully allege upon information and belief as follows:

       1.     Deny each and every allegation contained in paragraph numbered "1" of the complaint.

       2.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "2" of the complaint.

       3.     Defendants neither deny nor admit the last sentence of paragraph numbered "4" of the complaint as it is not a factual allegation and defendants respectfully refer all questions of law to this court for determination at the time of the trial of this action.

4. Deny each and every allegation contained in paragraph numbered "5" of the complaint except admit that defendant, Andrew Pardo, is the Executive Director of defendant, Metropolitan Center for Mental Health.

5. Deny each and every allegation contained in paragraph numbered "6" of the complaint except admit that defendants, Gene Yellin, David Belgray, Ruby Benjamin, Josephine Diaz, Teresa Goudie, Yvette Janssen, Howard Katz, Beth Rabinove, and Justin Stern, are presently members of the Board of Director of defendant, Metropolitan Center for Mental Health.

6. Deny each and every allegation contained in paragraphs numbered "7", "9", "10", "11", and "12" of the complaint.

7. Repeat, reiterate and reallege each and every response applicable to the allegations set forth in paragraph "13" of the complaint as though fully set forth at length herein.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

8. Deny each and every allegation contained in paragraphs numbered "14", "15", "16", and "17" of the complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

9. Deny each and every allegation contained in paragraphs numbered "18" and "19" of the complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

10.     Deny each and every allegation contained in paragraph numbered "20" of the complaint and respectfully refer all questions of law to this court for determination at the time of the trial of this action.

11.     Deny each and every allegation contained in paragraph numbered "21" of the complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

12.     Defendants neither deny nor admit the allegations of paragraph numbered "22" of the complaint as they are not factual allegations and defendants respectfully refer all questions of law to this court for determination at the trial of this action.

13.     Deny each and every allegation contained in paragraph numbered "23" of the complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

14.     Deny each and every allegation contained in paragraphs numbered "24" and "25" of the complaint.

15.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "26" of the complaint.

### AS AND FOR A FIRST, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

16. The complaint fails to state a cognizable cause of action against the defendants.

### AS AND FOR A SECOND, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

17. Some or all of the claims asserted herein are barred by the applicable statute of limitations.

### AS AND FOR A THIRD, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

18. Some or all of the claims herein are barred by the doctrine of laches.

### AS AND FOR A FOURTH, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

19. Plaintiffs unreasonably failed to utilize the preventative or remedial measures or the procedures for reporting errors, omissions, or problems with respect to employment issues.

### AS AND FOR A FIFTH, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

20. Plaintiffs made no complaints and took no steps to correct what they perceived to be incorrect classification and, therefore, are estopped from asserting damages due to allegations of improper classification extending over a period of many years.

## AS AND FOR A SIXTH, SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

21. Plaintiffs' claims are barred in whole or in part by the workers' compensation laws.

## AS AND FOR A SEVENTH, SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

22. There is no civil remedy available to plaintiff with respect to plaintiff's Second Cause of Action purportedly based on 26 USC §3111.

**WHEREFORE,** defendants demand judgment dismissing the complaint, together with the costs and disbursements of this action.

> L'ABBATE, BALKAN, COLAVITA
> & CONTINI, LLP
>
> By: _____
> Peter L. Contini, Esq.
> Attorney for Defendants
> 1001 Franklin Avenue
> Third Floor
> Garden City, New York 11530
> (516) 294-8844

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                         ) SS.:
COUNTY OF NASSAU      )

**KAREN R. LUCERO**, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides at Nassau County, New York.

That on the 14th day of September, 2011, deponent served the within **ANSWER** upon:

Arthur Z. Schwartz, Esq.
Advocates for Justice,
Chartered Attorneys
Attorneys for Plaintiffs
225 Broadway, Suite 1902
New York, New York  10007

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

KAREN R. LUCERO

Sworn to before me this 14th day of September, 2011.

_____
Notary Public

PETER L. CONTINI
Notary Public, State of New York
No. 4637417
Qualified in Suffolk County
Commission Expires July 31, 2014